No. 7904.

## DAN. A. WILSON VS. P. S. WILTZ.

Articles 258 and 259 of the Constitution of 1879 construed.

Under their provisions, the terms of office of incumbents at the time of the adoption of the Constitution, are only continued until their successors are appointed and qualified, and no longer. The Decision in Sigur vs. Crenshaw, 8 An. 401, re-affirmed.

The Public Administrator of the Parish of Orleans is embraced within the terms "officers of the State."

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

Spencer & White, Robert Mott, and F. B. Lee for Plaintiff and Appellant :

The office of Public Administrator is purely statutory, and, in no sense, the offspring of the Constitution.

The recent Constitution has not *proprio vigore* vacated the office. It has not in terms repealed any thing but the Constitution of 1868. As to statutory laws, it only repealed such as were inconsistent with the new organic structure. Cooley, Const. Limit. p. 37, chap. 3, 1st edit.; 2d Martin, 163 ; Jamison on Constitutional Convention, sec.

102; Articles 258 and 259, Const. of 1879. There is no conflict between the law creating the office of Public Administrator and the present Constitution.

The Public Administrator of the Parish of Orleans is not a *State* but a *Parochial* officer.

The Governor cannot any more REMOVE a public officer FOR CAUSE. Under the present Constitution the power to do so is now vested in the judicial department of the Government.

Breaux & Hall for Defendant and Appellee :

1. The constitution of 1879 supersedes the former constitution, and intends that all incumbent officers shall hold over only until their successors are appointed, and no longer.

Constitution, 1879, Acts 257, 259.

Constitution, 1852, Art. 144.

Bermudez vs. Ibanez, 3 M., O. S., 3.

Dufau vs. Massicot et al., 3 M., O. S., 291.

Sigur vs. Crenshaw, 8 An. 400.

Baumbac vs. Duroc, 9 An. 237.

See, also, The State *ex rel.* Cheevers vs. Duffel, just decided.

2. Where a law has been judicially interpreted, and is re-enacted *iisdem verbis*, it affords evidence of the concurrence of legislative will in the construction given to it. Art. 259, Constitution 1879, and Art. 144, Constitution 1852, the same.

King vs. Lastrapes, 9 A. 446.

State vs. Ross, 14 A. 366.

James vs. Thompson, 12 A. 174.

La Selle Bros. vs. Whitfield, 12 A. 81.

(a). *Stare Decisis*—New Orleans vs. Grailhe, 9 A. 567.

3. The Governor has the power to remove all officers appointed by him for cause, and the power being discretionary, is not the subject of control or revision by the Courts.

Act 1877, p. 194, Ex Session. See, also, p. 80, Regular Session.

25 An. 120, 396 ; 26 An. 537.

28 An. 49, 466.

4. The last commission issued is the one legally in force.

Dubuc vs. Voss, 19 An. 211.

25 An. 74.

The opinion of the Court was delivered by

FENNER, J. The plaintiff having been appointed, by the last Governor of the State under the constitution of 1868 to the office of Public Administrator for the parish of Orleans, brings· this action against P. S.

Wiltz, who has been appointed and commissioned to the same office by the present Governor of the State under the constitution of 1879. Plaintiff claims that his tenure of office is not abridged by the constitution of 1879, but continues until the expiration of the term for which he was appointed, to wit: four years from the fifth day of March, 1878; and he prays for an injunction restraining defendant from attempting to exercise the duties of the office and from claiming to be in possession of said office.

Defendant answers, averring the legality of his own appointment and commission; asserting his title to the office; and praying that plaintiff's claim be rejected, and for a decree recognizing him, defendant, as entitled to the office.

The question presented involves the proper construction of articles 258 and 259 of the present constitution. They are an exact reproduction of the articles 143 and 144 of the prior constitution of 1852. In the organization of the government under this last-named constitution, precisely the same question arose and was decided by this Court in the case of Sigur vs. Crenshaw, 8 An. 401. The conclusion reached by the majority of the Court was that the proper construction of those articles continued the terms of existing incumbents of offices only until their successors were appointed and qualified, and no longer. The briefs printed with the case in the Reports show that the question received able and exhaustive argument. The several opinions of a divided Court leave no doubt that the subject received the earnest attention of the Court. It is a proper inference, and is, without doubt, a historical fact, that the entire organization of the government under the constitution of 1852 was effected in accordance with the doctrine of this decision. No doubt all pending controversies as to offices were settled in consonance therewith. The decision may, for aught we know, have been repeated in other cases not reported; or, if not, it was, doubtless, because it seemed useless to prolong controversies of which the result was certain, and they were abandoned. It is not pretended that the authority of the decision was ever afterward questioned by this Court. In the only case to which we are referred, where it was ever alluded to, Baumbach vs. Duroc, 9 A. 237, it cannot be denied that is treated as settled doctrine.

Mr. Cooley says that " where a particular clause of a constitution has been adopted in one State from the constitution of another, after a judicial construction had been put upon it in such last-mentioned State, it is but just to regard the construction as adopted as well as the words;" and in support of this reasonable doctrine he cites many authorities.

Cooley on Const. Lim. p. 52.

How much stronger is the application of this principle in a case like

the one at bar, where the clause is taken from a prior constitution of our own State which had been construed by our own courts !

It must be admitted that the language of the articles referred to is not perspicuous, and the grammatical construction of the sentences is not artistic; but, knowing the difficulty of so framing expressions as to convey a meaning beyond the reach of artful question, the Convention might well have thought it safest to adopt the very language of a previous constitution, which had already passed the ordeal of judicial construction.

Far from considering the construction adopted by the court in Sigur vs. Crenshaw absurd, we are quite sure that, while difficult to answer verbal grammatical criticisms, it gave effect to the true intention of the framers of the constitution of 1852; and we have not a shadow of doubt that in adopting it we shall not only conform to correct principles in applying the doctrine of *stare decisis,* but shall also truly appreciate the intention of the recent Convention.

We think the Public Administrator is embraced within the terms "officers of the State," as used in the article 259. He holds his office directly from the State under appointment by the Governor of the State, and gives bond in favor of the State. His functions are regulated exclusively by the general laws of the State. He derives no power directly or indirectly from the parish or from the people thereof. He has no connection of any kind with the parish or municipal government, and exercises no functions having reference to such government, or any connection whatever with parochial or municipal affairs. Although he may only administer upon successions lawfully opened in the city of New Orleans, his authority over property belonging to such successions is co-extensive with the limits of the State; and, *quoad* such property, he may perform the functions of his office in any parish of the State.

Because he is called "Public Administrator of the Parish of Orleans" is no better reason for calling him a parish officer than would exist for calling our learned brother who decided this cause a parish officer, because he is called "Judge of the Sixth District Court for the Parish of Orleans."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at appellant's cost.